UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY T. PRICE,

    Plaintiff,

No. 17-10601

v.

District Judge Nancy G. Edmunds
Magistrate Judge R. Steven Whalen

DON EDWARDS, ET AL.,

    Defendants.

/

## REPORT AND RECOMMENDATION

On February 24, 2017 Jeffrey Price ("Plaintiff") filed suit in this Court against Richard Snyder (Governor of the State of Michigan), Kristie Etue (Director of the Michigan State Police), Don Edwards (Montmorency County Sheriff), and Vicki P. Kundinger (Montmorency County Prosecutor) in their official capacities only, alleging that he was wrongfully arrested and later forced to move from his own home for violations of the 2006 and 2011 amendments to the Sex Offender Registration Act ("SORA").[1]  Currently before the Court is Defendants Kriste Etue and Richard Snyder's April 26, 2017 motion to dismiss under Fed. R. Civ. P. 12(b)(1) and (6) [Doc. #10], and Defendants Don Edwards and Vicki

---

[1] The First Amended Complaint does not refer to either Don Edwards ("Edwards") and Vicki P. Kundinger ("Kundinger") by name but the docket refers to them respectively as the Sheriff of Montmorency County and the Montmorency County Prosecutor.

-1-

Kundinger's July 7, 2017 motion for judgment on the pleadings under Fed. R. Civ P. 12(c) [Doc. #22]. Both motions have been referred for Reports and Recommendations under to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that:

> 1. Governor Snyder ("Snyder") and Kristi Etue's ("Etue's") motion to dismiss [Doc. #10] should be GRANTED as to the claims for money damages against them in their official capacities but DENIED as to the claims for injunctive relief.
>
> 2. Vicki Kundinger ("Kundinger"), and Don Edwards ("Edwards") motion for judgment on the pleadings [Doc. #22] should be GRANTED as to the claims for money damages against them in their official capacities but DENIED as to the claims for injunctive relief.

## I.  FACTS

Plaintiff makes the following allegations:

As Michigan resident and convicted sex offender, Plaintiff is required to comply with SORA for the rest of his life. *Amended Complaint* at ¶ 1. He alleges that SORA is "sweeping" and "complex" and "does not provide clear notice of what is prohibited or required either for those subject to it or for those who enforce it, making full compliance with the law impossible." *Id.* at ¶ 2. Nonetheless, Plaintiff believes that he had been compliant with all of the SORA requirements since he was placed on the Sex Offender Registration in 2002. *Id.* at ¶ 3.

On March 4, 2015, he was arrested by the Montmorency County Sheriff's Department for a "Residency Violation" of SORA's "Student Safety Zone" provision at which time he

was handcuffed, placed in a police vehicle, removed from his property, and transported to the Montmorency County Sheriff's Department "where he was booked, fingerprinted, scanned, searched and placed in a jail cell to await bond until his release several hours later." *Id.* ¶¶ 4-6. His arrest was done on the basis that his home was within 1000 feet of a school "as the crow flies." *Id.* ¶8. Plaintiff was forced to take an offer of deferred prosecution by the office of Vicki Kundinger, the Montmorency Prosecutor, which required him to leave his home and as a result, he was left homeless. *Id.* at ¶¶ 13-17. He entered into the deferred prosecution agreement on May 15, 2015. *Docket #22-6,* Pg ID 236.

Plaintiff alleges that his due process and liberty interests were violated by Sheriff Edwards' erroneous interpretation of SORA. *Id.* at ¶¶ 9-11. He alleges that Kristi Etue, the Director of the Michigan State Police ("MSP"), oversees the MSP's enforcement of SORA, including maintaining a database of sex offenders, maintaining an online registry, registering offender, developing registration forms, providing notice to registrants, collecting registration fees, and coordinating with the national sex offender registry. *Id.* at ¶ 21.

Plaintiff alleges that in December, 2014, he entered the MSP post in Gaylord, MI and requested that his address be updated to 3130 Bourn, St. Lewiston, MI. *Id.* at ¶ 23. At the end of the registration process, his identification forms were handed back to him "indicating a successful and compliant" registration. *Id.* at ¶ 24. At no time was he informed that he was in violation of residing in a School Safety Zone although the MSP have a mapping system which would have alerted them that the address was too close to a school zone. *Id.* at ¶¶ 25-

26. He alleges that Etue failed to provide sex offender registrants notice that "as the crow flies" was now used as the standard of measurement. *Id.* at ¶ 30. Plaintiff also alleges that Governor Snyder's failure to supervise the MSP "allowed arbitrary and discriminatory enforcement of SORA laws." *Id.* at ¶ 34. Plaintiff seeks injunctive relief and damages.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. When a defendant challenges subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir.1990). In a factual attack on the complaint's adequacy, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1134 (6th Cir. 1996)(emphasis and internal citations omitted).

In addition, a Court may dismiss a frivolous complaint under Rule 12(b)(1) for lack of subject matter jurisdiction. "[A] district court may, at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the

pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 556 U.S. at 679 (internal citations omitted).

A motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) is subject to the same standard of review as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir.1998).

### III.   DISCUSSION

### The Official Capacity Claims

In their motion to dismiss, Defendants Synder and Eute argue that Plaintiff is not entitled monetary damages against them in their official capacities. *Docket #10.* Defendants Edwards and Kundinger make the same argument in their motion for judgment on the pleadings. *Docket #22.*

Generally, claims against defendants in their official capacities, *i.e*, in their capacity as agents of the state under 42 U.S.C. §1983, are subject to dismissal on the basis that "[t]he United States Supreme Court has specifically held that a State is not a 'person' against whom a § 1983 claim for money damages might be asserted." *Price v. Caruso,* 451 F.Supp.2d 889, 902 (E.D.Mich.2006)(Friedman, J.); *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).  However, the immunity does not extend to claims for injunctive relief based on constitutional violations.  *Ernst v. Rising,* 427 F.3d 351, 358

-359 (6th Cir. 2005); *Ex parte Young,* 209 U.S. 123, 155-56, 28 S.Ct. 441, 452, 52 L.Ed. 714 (1908)("immunity does not apply if the lawsuit is filed against a state official for purely injunctive relief enjoining the official from violating federal law"). Official capacity claims do not falter on a defendant's lack of personal involvement. "Official capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Leach v. Shelby County Sheriff,* 891 F.2d 1241, 1245 (6th 1989); *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985).

### Plaintiff's Claim for Money Damages Against All Four Defendants Are Barred by the Eleventh Amendment

Because the Eleventh Amendment bars civil rights actions against a state unless the state has waived its immunity or Congress has abrogated it, Plaintiff's claims for money damages against Defendants in their official capacities should be dismissed. *Will, supra,* 491 U.S. at 66.

As employees of the State of Michigan, Defendants Synder and Etue are immune from claims for money damages in their official capacities. Although Kundinger, the Montorency County Prosecutor is not a State employee, the claims against her for money damages is also barred. *See Gavitt v. Ionia County*, 67 F.Supp.3d 838, 842 (E.D.Mich.,2014)(Edmunds, J.)(*citing Cady v. Arenac County*, 574 F.3d 334 (6th Cir.2009))(damages against the Defendant Ionia County prosecutors in their official capacity barred by the Eleventh Amendment for activity related to "prosecuting state criminal offenses"). Plaintiff's allegations relate to Kundinger's enforcement of the Student Safety Zone provision of

-7-

SORA and oversight of the subsequent plea agreement. As such, the claims for money damages against her in her official capacity are barred.

Edwards is also entitled to Eleventh Amendment immunity for the official capacity claims. County Sheriffs are generally regarded as county policy makers rather than state agents. *See Crabbs v. Scott*, 786 F.3d 426, 429 (6th Cir. 2015)(Sheriff not agent of state because act in dispute, collecting DNA evidence after acquittal, not required by state law). However, "[w]here county officials are sued simply for complying with state mandates that afford no discretion, they act as an arm of the State." *Brotherton v. Cleveland*, 173 F.3d 552, 566 (6th Cir.1999). Under SORA, Edwards was required to verify a sex offender's residence for the purpose of determining whether the individual lived within a Student Safety Zone. *See* Mich. Comp. Laws § § 28.733(f), 28.725a(5). Because he was acting as a state agent in connection with the enforcement of SORA, claims against him for money damages should be dismissed.

**The Pro Se Complaint is Construed as a Request for Injunctive and Declaratory Relief**

In regard to injunctive claims, Plaintiff alleges that SORA's "vague" terms were "used in a way not intended by [the] law." *Amended Complaint* at ¶ 14. His prayer for relief includes a declaration that his Due Process and Liberty interests were violated by Snyder and Etue. He likewise alleges that Edwards "acted outside the laws of SORA by using [his] own terms and measurements to obtain a warrant, arrest, and [incarceration]" and that Kundinger

acted based on "vague and misleading information . . . ." *Amended Complaint* at ¶ ¶ 9, 11.[2] Because Plaintiff claims that SORA (on its face or as applied by Defendants) amounts to a continuing constitutional violation, I construe the claim to include a request for prospective injunctive relief as well as declaratory relief.[3] *Alame v. Smetka*, 2009 WL 236073, at *5–6 (E.D.Mich. January 29, 2009)(allegations that a Michigan Department of Correction Policy Directive was unconstitutional as stated or applied stated request for injunctive relief).

While Plaintiff cannot collect damages against these individuals in their official capacities, *Will, supra,* his claim for injunctive relief is not barred. Defendants cite *Pennhurst State Sch. & Hosp. v. Alderman,* 465 U.S. 89 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67(1984) for the argument that both damages and the injunctive claims are barred. However, *Pennhurst* goes on to note "an important exception to this general rule" where "a suit challeng[es] the constitutionality of a state official's action." *Id.* (*citing Ex parte Young, supra*). Plaintiff's claim that SORA, on its face and as applied, is a violation of his rights under the Constitution falls squarely within the exception.

Moreover, Plaintiff's claim that the ban on living within 1,000 feet of a school is unconstitutionally vague was addressed in *Doe v. Snyder*, 101 F. Supp.3d 672, 683

---

[2]As noted in footnote 1, Plaintiff refers to Edwards and Kundinger by title, not name.

[3]The pleadings of a *pro se* litigant are to be liberally construed. *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

(E.D.Mich.2015)(Cleland, J.):

> [The] Plaintiffs contend that the term 'school safety zone' is unconstitutionally vague because SORA provides insufficient guidance for how the 1,000 feet zones should be measured. . . . [The] Plaintiffs note that the zones are not physically marked, and registrants are not provided with maps demarking the boundaries. Without demarcation or maps, the typical registrants are unable to identify the zones because they lack the software and data to map the zones, and Michigan has not provided a list of school properties or parcel data to registrants or law enforcement. . . . . Additionally, [they] argue that the term is vague because there is no guidance as to whether the 1,000 feet distance should be measured "point to point" or "property-line to property line" nor whether it should be measured 'as the crow flies or as people actually travel.'

Judge Cleland concluded that "the geographic exclusion zone provisions in SORA generally informed plaintiffs that they may not reside, work, or loiter within 1,000 feet of a school zone, but," that SORA [did] not clarify how to measure the 1,000 feet." *Id.* Because the Judge Cleland's findings in *Doe* are applicable to the present facts and Plaintiff alleges, in effect, that the distance between his home and school was improperly measured based on the erroneous interpretation of a vaguely written law, his claim for injunctive relief should not be dismissed at this time. *See also Does # 1–5 v. Snyder*, 834 F.3d 696 (6th Cir. 2016)(holding that retroactive application of the 2006 amendment to SORA prohibiting registrants from living within 1,000 feet of a school violates the *Ex Post Facto* Clause of the U.S. Constitution).[4] At a minimum, Plaintiff has stated a cognizable claim for injunctive and

---

[4] Plaintiff alleges that he was added to the sex offender registry in 2002, although the 1,000-foot restriction was not imposed until 2006. However, he has not raised an *ex post facto* claim.

declaratory relief.[5]

### IV. CONCLUSION

I recommend as follows:

1. Richard Snyder ("Snyder") and Kristi Etue's ("Etue's") motion to dismiss [Doc. #10] should be GRANTED as to the claims for money damages against them in their official capacities but DENIED as to the claims for injunctive relief.

2. Vicki Kundinger ("Kundinger"), and Don Edwards ("Edwards") motion for judgment on the pleadings [Doc. #22] should be GRANTED as to the claims for money damages against them in their official capacities but DENIED as to the claims for injunctive relief.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich.

---

[5] The Eleventh Amendment does not bar claims against defendants in their individual capacities. *See Scheuer v. Rhodes*, 416 U.S. 232, 237–38, 94 S.Ct. 1683, 1686–87, 40 L.Ed.2d 90 (1974); *see also Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 338–39 (6th Cir.1990). But even if the Amended Complaint were construed to include individual capacity claims against Snyder and Etue, they would be subject to dismissal. Plaintiff's failure to allege any personal involvement by either Snyder or Etue in his arrest or the subsequent deferred prosecution agreement defeats the individual capacity claims. *Pilot v. Snyder*, 2016 WL 3548218, at *2 (E.D.Mich. June 30, 2016)(Borman, J.)(*citing Iqbal* at 676)("'Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution'"). The same is true for Defendant Edwards, the elected Sheriff. In addition, In addition, Defendant Kundinger would be entitled to absolute prosecutorial immunity. *Boniecki v. Mellos*, 2013 WL 6094258, at *1 (E.D.Mich.,2013)(*citing Imbler v. Pachtman*, 424 U.S. 409, 430–31, 96 S.Ct. 984, 995–96, 47 L.Ed.2d 128 (1976))(dismissal of individual capacity claims appropriate because "prosecutor is absolutely immune from suit, including suits seeking monetary relief, for actions that are 'intimately associated with the judicial phase of the criminal process'").

LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: February 8, 2018                                  s/R. Steven Whalen
                                                         R. STEVEN WHALEN
                                                         U.S. MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify on February 8, 2018 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on February 8, 2018.

                                        s/Carolyn M. Ciesla
                                        Case Manager for the
                                        Honorable R. Steven Whalen