UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY T. PRICE,

    Plaintiff,               No. 17-10601

v.                                  District Judge Nancy G. Edmunds
                                  Magistrate Judge R. Steven Whalen

DON EDWARDS, ET AL.,

    Defendants.
_____/

**OPINION AND ORDER GRANTING MOTION TO STRIKE**

Before the Court is Defendants Kundinger and Edwards' Motion to Strike Plaintiff's Second Amended Complaint [Doc. #26]. For the reasons discussed below, the motion will be GRANTED.

Plaintiff filed his original complaint on February 24, 2017, and his first amended complaint on April 10, 2017. He named all Defendants, including Kundinger (the Montmorency County Prosecutor) and Edwards (the Montmorency County Sheriff) in their official capacities only, and challenges the constitutionality of certain provisions of Michigan's Sex Offender Registration Act ("SORA"). I have filed a Report and Recommendation recommending the dismissal of Plaintiff's claim for money damages but not his claims for injunctive and declaratory relief against Kundinger and Edwards, as well as against Governor Snyder and Director of State Police Kristi Etue.

Plaintiff filed a second amended complaint on August 25, 2017, in which he adds two Defendants, a Sheriff's Deputy and an Assistant Prosecuting Attorney, as well as additional factual allegations. The underlying constitutional issue–that SORA's geographic exclusion zones are unconstitutionally vague–is the same as in the first amended complaint.

Fed.R.Civ.P. 15(a)(1) provides that a party may amend its pleadings as a matter of course either 21 days after serving it, 21 after service of a responsive pleading, or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. In all other cases, Rule 15(a)(2) provides states that a complaint may be amended only by leave of the court, and that "leave shall be freely given when justice so requires." *See Foman v. Davis,* 371 U.S. 178, 181 (1962). Despite the general rule of liberality with which leave to file amended complaints is to be granted, the Sixth Circuit has held that when a proposed amended complaint would be futile, or would not survive a motion to dismiss, the court may properly deny the amendment. *Neighborhood Development Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980); *Thiokol Corporation v. Department of Treasury*, 987 F.2d 376 (6th Cir. 1993).

Plaintiff's underlying claim involves the void-for-vagueness constitutional argument regarding SORA's residence exclusions. In his first amended complaint, he raised that as an official capacity claim against the Governor, the Director of the State Police, the Montmorency County Prosecutor, and the Montmorency County Sheriff. As

official capacity claims, they are claims against the State of Michigan. Adding Assistant Prosecuting Attorneys or Deputy Sheriffs, who do not have the ultimate authority or duty to implement State policies, or pleading additional facts, would be futile, and would neither add nor detract from the constitutional claim in the first amended complaint that I have determined should not be dismissed.

Accordingly, Defendants' Motion to Strike Plaintiff's Second Amended Complaint [Doc. #26] is GRANTED.

IT IS SO ORDERED.

Dated: February 8, 2018         s/R. Steven Whalen
                                R. STEVEN WHALEN
                                U.S. MAGISTRATE JUDGE

---

**CERTIFICATE OF SERVICE**

I hereby certify on February 8, 2018 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on February 8, 2018.

                                s/Carolyn M. Ciesla
                                Case Manager for the
                                Honorable R. Steven Whalen