UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY T. PRICE,

    Plaintiff,

v.

DON EDWARDS, ET AL.,

    Defendants.

                                      /

Case No. 17-10601

Honorable Nancy G. Edmunds

**OPINION AND ORDER ACCEPTING THE MAGISTRATE JUDGE'S FEBRUARY 8, 2018 REPORT AND RECOMMENDATION [32]**

**I. Introduction**

Plaintiff filed this *pro se* civil suit against Defendant Richard Snyder (Governor of the State of Michigan), Kristie Etue (Director of the Michigan State Police), Don Edwards (Montmorency County Sheriff), and Vicki P. Kundinger (Montmorency County Prosecutor) in their official capacities[1]. Plaintiff alleges Defendants contributed to his wrongful arrest for violations of the 2006 and 2011 amendments to the Sex Offender Registration Act ("SORA") and later forced him to move from his home. Currently before the Court is Magistrate Judge Whalen's Report and Recommendation [32] addressing Kristie Etue ("Etue") and Richard Snyder's ("Snyder") April 26, 2017 Motion to Dismiss [10] under Fed. R. Civ. P. 12(b)(1) and (6), and Edwards and Kundinger's July 7, 2017 Motion for Judgment on the Pleadings [21] under Fed. R. Civ. P. 12(c). Magistrate Judge Whalen's Report and

---

[1] Plaintiff's First Amended Complaint [8] does not refer to Don Edwards ("Edwards") and Vicki P. Kundinger ("Kundinger") by name but the docket refers to them respectively as the Sheriff of Montmorency County and the Montmorency County Prosecutor.

Recommendation [32] recommends GRANTING in part both motions as to the claims for money damages but DENYING in part both motions as to the claims for declaratory and injunctive relief. Defendants Snyder and Etue have since filed one Objection [35] stating Plaintiff did not plead injunctive relief in his Amended Complaint [8] and that the Magistrate Judge incorrectly construed Plaintiff's *pro se* pleadings to find a request for injunctive relief where none existed. Edwards and Kundinger joined and concurred in the objection [37]. For the reasons that follow, the Court OVERRULES Defendants' objection, ADOPTS the Report and Recommendation, GRANTS Defendants' Motion to Dismiss [10] and Defendants' Motion for Judgment on the Pleadings [21] as to monetary damages but DENIES them as to Plaintiff's request for declaratory and injunctive relief.

## II. Analysis

This Court performs a *de novo* review of those portions of Magistrate Judge Whalen's Report and Recommendation [32] to which Defendants have objected. 28 U.S.C. § 636(b). The Court need not and does not perform a *de novo* review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, an objection that "does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d. 743, 747 (E.D. Mich. 2004). Indeed, the purpose of an objection to a report and recommendation is to provide the Court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Id.* (quoting *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981)).

Plaintiff is a Michigan resident, a convicted sex offender, and required to comply with the Sex Offender Registration Act ("SORA"). Plaintiff asserts that in December 2014, he registered with the Michigan State Police ("MSP") in Gaylor, MI, informing them of his updated address in St. Lewiston, Michigan. The forms the MSP returned to him indicated a successful and compliant SORA registration. The MSP did not state then, that the address Plaintiff provided them was too close to a school zone. A few months later, on March 4, 2015, the Montmorency County Sheriff's Department arrested Plaintiff for a "residency violation" of SORA's "Student Safety Zone" provision on the basis that his home was within 1,000 feet of a school "as the crow flies." (R&R, Dkt. 32, at 3; PgID 368.) Prior to this arrest, Plaintiff was never informed that he had violated the School Safety Zone, nor that "as the crow flies" was the now used standard of measurement.

On February 24, 2017, Plaintiff filed a complaint, claiming the arrest violated his constitutional due process and liberty interest rights. Specifically, Plaintiff alleges that SORA's "vague" terms were "used in a way not intended by [the] law." (Pl. Amended Compl., Dkt. 8, at 3; PgID 34.) Plaintiff states, Defendant Edwards "acted outside the laws of SORA by using [his] own terms and measurements to obtain a warrant, arrest, and incarcerate this Plaintiff." (*Id.*)

In addition to Plaintiff's request for monetary damages, his request for relief includes in part:

> (a) Issue a judgment against Montmorency Co. et. al., pursuant to 28 U.S.C. § 1331 declaring Plaintiff's right to Due Process and Liberty interest as guaranteed to him under the US Constitution Fifth and Fourteenth Amendments were violated.
>
> (c) Issue a judgment, pursuant to 28 U.S.C. § 1331 declaring Plaintiff's rights to Due Process and Liberty interest as guaranteed to him under the US

> Constitution Fifth and Fourteenth Amendments were violated by Governor Rick Snyder.
>
> (e) Issue a judgment, pursuant to 28 U.S.C. § 1331 declaring Plaintiff's rights to Due Process and Liberty interest as guaranteed to him under the US Constitution Fifth and Fourteenth Amendments were violated by Col. Kristie Etue.

(Pl. Amended Compl., Dkt. 8, at 9; PgID 40.)

The Sixth Circuit liberally construes pleadings of a *pro se* litigant. *Martiv v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice"). Magistrate Judge Whalen interprets Plaintiff's complaint to be a claim against Defendants in their official capacities for an alleged constitutional violation seeking prospective injunctive and declaratory relief. "Because Plaintiff claims that SORA (on its face or as applied by Defendants) amounts to a continuing constitutional violation, I construe the claim to include a request for prospective injunctive relief as well as declaratory relief." (R&R, Dkt. 32, at 9; PgID 374.)

Under this interpretation, Plaintiff describes Defendants' application and interpretation of SORA, an unconstitutionally vague law, as an ongoing constitutional violation. Plaintiff asserts the MSP continue to provide arbitrary and discriminatory enforcement of SORA laws. The 2015 case, *Doe v. Snyder*, 101 F. Supp.3d 672 (E.D. Mich. 2015)(J. Cleland) supports Plaintiff's claim that SORA's ban on living within 1,000 feet of a school is unconstitutionally vague. In *Doe*, sex offenders brought an action against the Governor of Michigan and the Director of the MSP, in their official capacities, to challenge SORA. Judge Cleland determined "that SORA [did] not clarify how to measure the 1,000 feet" from a

4

school zone and that geographic exclusion zones were unconstitutionally vague. *Id.* at 683. This mirrors Plaintiff's complaint here.

Plaintiff alleges, in effect, that the distance between his home and the school was improperly measured based on Defendants' erroneous interpretation and application of the vaguely written law.  Plaintiff's complaint challenges the decision to measure the Student Safety Zone "as the crow flies," and claims that the policy and enforcement amounts to a continuing constitutional violation. Magistrate Judge Whalen found Plaintiff's suit seeks to stop Defendants from continuing this unconstitutional practice through equitable relief.

Defendant's objection, is that Magistrate Judge Whalen has exceeded the liberally construed complaint standard, reading into Plaintiff's complaint, a request for prospective injunctive relief. "[E]ven though *pro se* litigants are held to a lower standard, the Sixth Circuit has held that the combined effect of *Twombly* and *Iqbal* is 'to require [a] plaintiff to have a greater knowledge. . . .of factual details in order to draft a plausible complaint.' " (D. Obj., Dkt. 35, at 4 (quoting *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011)); PgID 389.)  Defendants assert "even liberally construing [Plaintiff's] pleadings, the complaint fails to make a rational statement of either fact or law to support a claim for relief against the State Defendants.  (*Id.* at 5; PgID 390.)

Having examined Plaintiff's Amended Complaint, this Court agrees with Magistrate Judge Whalen, that, liberally construed, Plaintiff seeks injunctive relief.  Plaintiff requests declaratory judgment that Defendants's actions violated his Fifth and Fourteenth Amendment rights and that those rights are guaranteed to him.  Plaintiff's request for relief asks to guarantee his rights, in this regard, and implies a wish that they will be guaranteed going forward.  This Court, using the liberal standard for interpreting the pleadings of *pro*

5

*se* plaintiffs, finds these requests for declaratory judgment regarding what has already occurred and what is guaranteed to him in the future as tantamount to asking for injunctive relief. *Haines*, 404 U.S. at 520-21. The Magistrate Judge gave an appropriate interpretation of Plaintiff's complaint, finding that Plaintiff is claiming a continuing constitutional violation for which he is seeking prospective injunctive relief.

## III. Conclusion

For the reasons thus stated, the Court OVERRULES Defendants' objection, ADOPTS the Magistrate Judge's Report and Recommendation, and DISMISSES the complaint in as much it requests any monetary relief, but DENIES Defendants' motions to dismiss the complaint as to any declaratory and injunctive relief.

SO ORDERED.

s/Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

Dated: March 14, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 14, 2018, by electronic and/or ordinary mail.

s/Lisa Bartlett  
Case Manager