UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JEFFREY T. PRICE,

             Plaintiff,                              No. 17-10601

v.                                                   District Judge Nancy G. Edmunds
                                                     Magistrate Judge R. Steven Whalen


DON EDWARDS, ET AL.,

             Defendants.
_____ /

**REPORT AND RECOMMENDATION**

On February 24, 2017, Plaintiff Jeffrey Price filed a civil complaint in this Court

against Richard Snyder (then-Governor of the State of Michigan), Kristie Etue (Director

of the Michigan State Police), Don Edwards (Montmorency County Sheriff), and Vicki P.

Kundinger (Montmorency County Prosecutor) in their official capacities only, alleging

that he was wrongfully arrested and later forced to move from his own home for

violations of the 2006 and 2011 amendments to Michigan's Sex Offender Registration

Act ("SORA"), M.C.L. § 28.721 *et seq*.

The parties eventually settled, but left two issues for the Court's resolution.

Proceeding under 28 U.S.C. § 636(b)(1)(B), I recommend (1) that the Court find that

Plaintiff is not required to register under SORA, either for a period of 25 years or for life;

and (2) that the Plaintiff is not obligated to pay the annual fees as set out in M.C.L § §

28.725a(6)(b)-(c) and 28.725b(3).  I further recommend that the case be dismissed with prejudice, pursuant to the settlement agreement.

## I.    FACTS

On March 14, 2018, the Court, overruling objections to my Report and Recommendation [ECF No. 32], granted in part the Defendants' motion to dismiss, dismissing Plaintiff's claim for monetary damages but permitting his claim for declaratory and prospective injunctive relief to go forward.  *See Opinion and Order* [ECF No. 42].

The parties then engaged in settlement discussions, and each side prepared proposed "final judgments" for discussion.  On July 17, 2018, Mr. Price and the attorneys for Defendants participated in a telephone conference with the undersigned Magistrate Judge.  Agreement on the terms of a settlement was reached, and the parties executed a Memorandum of Understanding that reflected the agreement [ECF No. 53]. A significant part of the settlement was the Defendants' agreement that the 2006 and 2011 amendments to SORA would not apply retroactively to Mr. Price,  consistent with the Sixth Circuit's decision in *Does #1-5 v. Snyder*, 834 F.3d 696 (6th Cir. 2016).  In addition, the settlement agreement provided that the Court would resolve two specific disputed issues, and that the Court's decision on those issues would be non-appealable:

> "In addition to the terms set forth in the proposed judgment, the proposed settlement includes an agreement that the following two issues will be decided by the Court, following briefing by the parties:

(1)     Whether Plaintiff's registration under Michigan's SORA
        would be for a period of 25 years of a period of life;

(2)     Whether going forward, the Plaintiff would be obligated to
        pay the annual fees as set out in M.C.L § § 28.725a(6)(b)-(c)
        and 28.725b(3).

As part of the settlement, the District Court's decision on these issues will
be binding on the parties, and neither party will take an appeal from the
District Court's decision."

After the Court denied Plaintiff's motion to withdraw from the agreement, *see*

*Opinion and Order*, ECF No. 66, the parties filed briefs in support of their respective

positions on these issues.  ECF No. 68 (Plaintiff's brief) and ECF No. 69 (Defendants'

brief).

## II.   DISCUSSION

Michigan's SORA first went into effect on October 1, 1995, and has since been

amended numerous times. *People v. Tucker*, 312 Mich. App. 645, 655, 879 N.W.2d 906,

912 (2015).  On September 6, 2002, Plaintiff was convicted of three counts of second

degree criminal sexual conduct, M.C.L. § 750.520c(1)(a) ("CSC II"), based on offenses

that were committed on April 15, 2002.  In 2002, the operative length of reporting

requirement of SORA was contained in M.C.L. § 28.725(7)(b), as amended by 1999 PA

85. *Tucker*, 879 N.W.2d at 912-13.  This section provided for lifetime registration for

persons convicted of CSC II.

The lifetime reporting requirements for CSC II convictions were retained in the

2006 SORA amendments. In 2011, SORA was again amended, classifying offenses into

three tiers. Tier III offenders were required to register for life, and CSC II is classified as

Tier III.

Defendants argue that notwithstanding the inapplicability of the 2006 and 2011

SORA amendments, both under the Sixth Circuit opinion in *Does #1-5* and the settlement

agreement, Plaintiff is subject to the lifetime registration requirements that were in effect

when the offenses were committed in 2002. Citing *McClellan v. Judge of Recorder's*

*Court*, 201 N.W. 209, 212 (Mich. 1924), they posit that "[u]nder Michigan law, it has

long been held that where a court has held a law invalid, it leaves all preceding laws on

that subject in force." *Defendants' Brief*, ECF No. 69, PageID.571-72.

However, on February 14, 2020, Judge Cleland decided *Doe, et al. v. Snyder*, 2020

WL 758232 (E.D. Mich. Feb. 14, 2020). *Doe* was a class action case seeking permanent

injunctive relief . The Court certified the primary class as "all people who are or will be

subject to registration under SORA." *Id*. The Court certified the following ex post fact

sub-class:

> "The 'pre-2006' ex post facto subclass' is defined as members of the
> primary class who committed their offense or offenses requiring registration
> before January 1, 2006, and who have committed no registrable offense
> since." *Id*.

The Plaintiff is a member of both the primary class and the pre-2006 ex post facto

subclass.

First, Judge Cleland in *Doe* found that the Sixth Circuit "invalidat[ed] all portions

of the 2006 and 2011 amendments as applied to the members of the ex post facto

subclasses."  Then, addressing the issue of the severability of those amendments from the rest of the statute, *Doe* held that "because the 2011 amendments cannot be severed from the statute, the court holds that SORA *in toto* cannot be applied to any members of the ex post facto subclasses," adding in fn. 9, "The court's determination that the 2011 amendments are not severable means that the entirety of SORA cannot apply to any persons whose crime subjecting them to registration occurred before the enactment of the 2011 amendments."

Addressing specifically the issue of whether a previous version of SORA could be revived, *Doe* rejected the application of *McClellan*, ultimately holding that "[u]nless and until decisive action is taken by the Michigan legislature, no provision of SORA may be enforced against members of the ex post facto subclasses."

The injunctive relief granted in the *Doe* decision is applicable to the Plaintiff, who is a class and sub-class member.  It is also dispositive of the two issues that were reserved for determination as part of the settlement agreement in the present case. "No provision" means "no provision."  Therefore, Plaintiff is not subject to registration under SORA (be it for 25 years or for life), and is not obligated to pay the annual fees.

### III.   CONCLUSION

I recommend (1) that the Court find that Plaintiff is not required to register under SORA, either for a period of 25 years or for life; and (2) that the Plaintiff is not obligated to pay the annual fees as set out in M.C.L § § 28.725a(6)(b)-(c) and 28.725b(3).  I further

recommend that the case be dismissed with prejudice, pursuant to the settlement agreement.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 28, 2020

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was sent to parties of record on February 28, 2020, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen